I only I see two of you there, but I'm assuming one of you is going to make the argument correct Oh, yeah, just me. Okay All right, we're ready, thank you good morning your honors and may it please the court David Zimmer on behalf of mr Rivera Mendoza and I'm gonna try to reserve two minutes if I can I want to sort of pick up on what judge Rakoff was getting out Which is just that at a high level when we think about crimes We generally imagine one if not both of two things one would be some sort of harm to the victim And the other would be some sort of intent to harm the victim or engage in the conduct that is deemed wrongful by the statute And what is really unusual about the type of negligent endangerment statute at issue in this case like Oregon's Is it actually refers neither of those things? It doesn't require that they're actually that the child be harmed in any way And it doesn't even require that the defendant be aware that her conduct was putting the child at a risk of harm And I think the Oregon Court of Appeals decision and obedi really makes both of those points really well that in that course it held that the conviction under the statute required a showing that the risk of Quote harm occurring was substantial and unjustifiable Unquote and that defendants quote lack of awareness of that risk was a gross Deviation from the normal standard of care unquote so how does that really differ from the mens rea of criminal negligence required by? 1227 well we don't think that that is the mens rea required by 1227 I mean our whole point is that when you're interpreting a crime under the Supreme Court's decision in Rwanda and Applying ordinary tools of construction that 1227 requires a higher mens rea at least recklessness and maybe knowledge or intent That's what our that's that's our argument in this case We're not disputing that the Oregon statute requires a mens rea of negligence That's the that is the mens rea of the statute But I think our point is that obedi highlights just how how broad these negligence based statutes are where you have a mother who? left her one-year-old child in a car seat in a locked car to run into a store to buy diapers and And the Court of Appeals of held the conviction based on the attenuated risk that the child might have been abducted While the woman mother was in the store and and even though It was basically undisputed at trial that the mother did not actually believe she was putting her children at a risk of harm It was an objective standard that was imposed there And and you know under the 10th Circuit's decision in a barra and under both the concurrences That were recently put out in the in the 11th Circuit Bastia's decision that type of negligence Is not enough and I'd really point the court in particularly said that I think just said I think they said that's that they said as recklessness was the statute and so You didn't have to go further. They didn't well rule that criminal negligence was below the threshold Well judge judge Marcus explicitly interpreted the statute to require recklessness right or more so that we would win under that right? But he didn't rule that below recklessness is outside of the statute I think he did I think I mean it wasn't because he interpreted that statute to require recklessness Arguably it was dicta, but I mean when he describes the meaning of the statute He says explicitly that it requires recklessness or greater So I mean maybe that's dicta given what the way he interpreted the Florida statute but I think that was his interpretation and judge Newsom sort of said that the unmistakable upshot of The ordinary applying the ordinary tools of construction was that even recklessness wasn't enough and he also of course didn't reach it because of other Reasons, but you must know I joined judge Collins's concur. Yeah ideas Rodriguez assuming I haven't changed my mind I mean is this the issue closed for me? So if you haven't changed your mind, it is an issue that An issue that's closed for you. I'll be I'll be honest, but if you wouldn't mind I'm gonna at least take a shot at convincing you why you should change your mind sure and I'll note that actually judge Newsom changed His mind right so so in the initial Bastia's decision he just like judge Collins relied very heavily on the fact that Neglect and negligence have the same underlying root and said that well therefore neglect must mean negligence And we represent the petitioner in that case as well And and actually put before judge Newsom on remand from the Supreme Court before the whole panel obviously You know that We don't assume that parents or other people always know what you know What's safe for children and so as a society? We're very protective of the most vulnerable not being subjected to a kind of behavior that puts them at risk So it's different than when we're talking about men's race about adults a lot of times well And I think that's why there's a robust Civil law that is intended to protect kids and that does have very broad definitions of these terms But when you're talking about imposing criminal penalties on People for conduct that they didn't even understand to be wrongful That's extremely that make the kids less more safe because their parents didn't know that what they were doing Okay, so you send them out no you know and they can't swim and you let them go into the pool And you go in and well, but your honor. I guess it's like. I think that's the whole the whole idea that We're not counting on people having good judgment We're counting on protecting children from bad judgment, right? And that's exactly what civil law does and what criminal law does is it doesn't protect children it imposes criminal penalties on people who do? Particularly extreme things and that's exactly what the Supreme Court not in the context of children But if you look at the Supreme Court's decision in Rouen it basically says explicitly that You know that federal law almost never interprets crimes to have a man's absence of things explicit in the statute Circuits don't help your arguments here the fourth and Cruz the fifth with Sandoval and the 11th with Bastia's I think They've held that 1227 encompasses child endangerment even when the child is not hurt So why isn't that the most reading of the statute? Well? We're not disputing that point your honor We're not actually arguing that there's a harm requirement. We're arguing that when you're talking about not injurious conduct Negligence isn't enough so I think if anything actually it's the government's position in our case that would create a circuit split with the 10th Circuits it would clearly create a circuit split with the 10th circuits decision in a Barra And we think it would create a split I mean It's not as quite an outright split But certainly intention with the two recent concurrences in Bastia's and and in fact we don't see anything inconsistent. I mean with Cruz That wasn't a negligence case and I agree you could sort of read it too, but I think that's dicta I don't think there would be a conflict with Cruz to adopt our position But if I could get back to just to the point to answer the judge room It is question you know we put before the panel on remand the same sort of the same definitions from blacks and the same definitions from The other legal dictionaries that basically actually go out of their way to say that the word neglect does not imply negligence that in fact These are different things that doesn't answer the question at all and judge Newsom changed his mind, right? He actually based on those arguments that we you can listen to the argument we talked about this at length We also pointed out that the contemporary state criminal codes in 1996 the ones that use the word neglect almost none of them had a mens rea of negligence They almost all had a mens rea of recklessness or higher And so I actually think that there's really very little support for the idea That the word neglect itself and that was the whole concurrence, right? And this didn't come up in fairness before the in the briefing in that case But basically the whole reasoning in judge Collins's concurrence as to why neglect negligence was enough Was that it was inherent in the word neglect and I don't I just respectfully I don't think that that's that that's right. And and again judge Newsom changed his mind on this exact on this exact point And so I'm not disputing that if you stick with that we lose But we actually agree with almost everything in that concurrence except for the hat, right? You know that and it's an important point because that concurrence applies an objective rather than subjective standard and if you look at Ruan You know, it's a pretty clear. I mean, you know, this is a quote from Ruan We have long been reluctant to infer that a negligence standard was intended in criminal statutes And and it goes on to explain that the reasonable Sure, I'll save I'll save my remaining time. Thank you very much Thanks Good morning, your honor's me again me Zadie. I'm Ron Zadie The same. Mr. Zadie the same. Mr. Zadie. Welcome back. Thank you very much um, I think I'll start with the obeity because I think when we when we Entered the conversation in a case like this. We're talking about negligent endangerment, which is as I understand a petitioners only challenge They don't really despite all the child endangerment is a separate crime arguments They're not arguing the child endangerment is not included within the concept of child abuse They're only arguing that you just need to lop off this concept of negligent endangerment that somehow that Makes it beyond the pale and on that point I'd like to make two broad points one is about again criminal negligence, which I just spent some time talking about This is not a standard that is just meant to encompass Single one-time parent lapsing, you know walk out of the bedroom where the child's on the bed Walk into the store really quickly to get something while the child's in the car seat. This is not that standard this is a gross deviation from a standard of care to a child or standard of care in general that creates a Substantial and unjustifiable risk so that's on the definition side of it And then I also want to highlight how in terms of the cases where it is applied None of them reflect the types of circumstances where you would think of it as a one-time parental petitioners trying is I think I'm understanding that saying that the Oregon statute covers not just a risk of harm, but a risk of a risk of harm and That's just broader than 1227. That's the argument judge Callahan So to respond a response to that and I want to highlight why OB 80 does not does not Involve anything like the type of attenuated risk that they describe one that language the sort of may be likely to endanger I think this is just a common parlance problem when you say risk of endangerment Well, the word endangerment itself is to play somebody at a risk of harm. So when you say risk of endangerment Yes, technically that is literally a risk of a risk or may be likely to a danger and yet That's the language you see when describing all of these almost any one of these state criminal statutes. That's just what it means They're not trying to create this sort of attenuated two levels of risk removed from the harm But you don't need to believe me. You can look at what Oregon has said in interpreting this very same statute So in cases like OB 80 It says a risk of likely harm is exactly what the case said and then perhaps most succinctly was the savage case that we cited in our brief in which again It said this statute can only be satisfied by proving beyond a reasonable doubt that you created a risk of likely harm So the attenuated risk or risk of a risk argument we think just fails right out of the gates Now on the circumstances of OB 80 just to be very clear. This is not the way that petitioner described it It wasn't just walking into the store while you were you know to get diapers those child's in the car This was leaving your child in the car in a high-crime area for 30 minutes while you walked into a store where you could not see the child and The court went out of its way to describe all of the particular types of harm that could have befallen the child two children there's a one-year-old and a three-year-old and The reason all of this came to Anybody's attention is because somebody saw the three-year-old reaching out of the window which had been left open to try to open the door From the outside and almost fell out of the car Which led the mother in that case to concede that they'd met the three-year-old had met the standard and they're just challenging as to the One-year-old and the court specifically said you could have an abduction. You could have an assault an assault you could have somebody's opening the door and the one-year-old falling out of the car seat because a three-year-old could unbuckle themselves like the three-year-old did so himself Can I take this to a Higher level and and get your response So I Think everyone is agreed and it's certainly been part of the jurisprudence of the Supreme Court of the United States That absent some special Function or policy Crime normally means An act intentionally taken mens re evil thought Evil act mens rea and actus reus States and even the federal government at times Have said that where It's unintentional What's so Risky to society as in the case of Child abuse child neglect or Classically in the park case adulterated food We will allow criminal penalties to be imposed Even when there was no conscious Intent In order to encourage an extreme care, that's the ultimate purpose is to encourage extreme care but now That's fine the guy gets convicted of a crime even though hypothetically no intent Because of that greater risk, but now Congress says if He commits the crime of such such as such he gets deported a further Consequence and And That certainly would not be a Factor in encouraging greater Super compliance to avoid Negligence it's a different kind of consequence And so my question is when they use the term crime there Doesn't seem to me that Congress was thinking About the super deterrence effect that is present in the underlying gross negligence type of Criminality but they were thinking of just one very meaning of the word crime which would include men's rent So if you're following by very convoluted Point is What I'm saying is that the word crime as used by Congress in this deportation context Doesn't carry necessarily the same meaning That would apply in the cases you're relying on Your honor. I think if I'm understanding your question at least the premise behind it. I don't disagree I think we agree completely that there are certain circumstances and with this in which this concept of criminal negligence Would be applied because you were trying to encourage certain conduct And I think these are this is exactly the type of circumstance where that would extend to or where Congress was intending to extend that level of mens rea because you are talking about protecting the vulnerable We know based on matter of Alaska's Herrera and based on the history of the statute that it was That it was trying to expand the criminal grounds of removal in general and that it was trying in particular to create a comprehensive Scheme to protect children from predators and from predatory behavior or from crimes that would Would victimize them and so I think this is exactly the type of situation where you would read a criminal negligence statute or a criminal negligence mens rea into a statute and that Even though it is a removal ground and it's not a federal criminal statute It would have the exact same effect of extending to that level to protect the vulnerable and protect a vulnerable class So if I'm understanding your your question correctly in your premise I think that's exactly why we think it is appropriate to define this removal ground with that mens rea Can you respond to your friend's argument that you know, at least under the Collins concurrence the argument was that because criminal negligence I mean criminal neglect almost implies negligence, but that's not a sufficient reason. Do you have a response to that? I'm sorry. Was it that it's not I thought his argument was like two things one is that it's not read it in neglect of Correct. Yeah, I mean Collins the Collins concurrence kind of suggested because the term, you know the concept of criminal neglect neglect clearly indicates criminal neglect and negligence is sufficient and he's Casting doubt on that analysis. Sure. Yeah, I think there's a I think a couple responses that one I think every sentence in the brief that tried to distinguish between those two things had a lot of strain in it I think the concept of neglect is as petitioner themselves just define it failing a duty Failing a duty or a failure of care and then the concept of criminal negligence as they define it is The mental state in doing that and saying that that's different. That's the mental state in doing that But then how do you define that mental state a gross deviation from a standard of care? So it feels like there are two parts of the same thing and maybe we're just talking about noun and an adjective right and then even there some of the definitions for child neglect that they've Cited to the the Garner's common legal usage definition defines neglect to say Intentional or negligent conduct. So we think all roads lead back to negligence here The second part of that answer and I think I assume this is part of what you were asking because they talked about the Rouen presumption this court has managed to define this about a million times and all the different panels going back to Martina Cedillo and Diaz Rodriguez panel and Diaz Rodriguez on bonk without resorting to a candidate of construction like that or an Interpretation or a principle of construction like that. We don't think there's any resort to it here I'm not even sure it applies when you're construing a generic definition rather than a federal criminal statute, which was the basis for Rouen So I don't think I don't think we need to turn to that We've been using the tools of construction for every other aspect of our arguments here I think they are perfectly adequate to the task of finding the mens rea in this case All right, thank you for your argument You  Thank you. I mean, I think just briefly I want to respond to what you're saying at the end there because I think in many ways That's the key to the case, right? Like there was a concurrence you try the concurrence again We agree with most of the concurrence and it really does come down to this mens rea issue And and I just don't think there was really a response at the end of the day to these Definitions that we quoted that actually go out of their way almost unusually to clarify the fact that neglect does not mean negligence Neglect means that you violate a duty to care a duty of care, right and you can do that intentionally you can have a kid Who you have a duty to care for and you say I don't care about that kid You know, I'm gonna go to the bar and drink and leave that kid alone, right? You could also do it negligently like the woman in obedi And I'm not in any way suggesting that she what she did was correct or that I would do that But it's a very different thing than making a conscious decision to violate your duty to a child And I think that's what these definitions get at and yes, the root the words are similar They both get at violating duties, but very different duties and in very different ways and I am two different contemporary legal Dictionaries go out and say that and the contemporary criminal codes that use the word neglect All have a men's or not all but almost all have a mens rea of Recklessness or higher so I actually genuinely some states do have negligence, right? Absolutely. And we're not saying there's anything inconsistent about About like you definitely can be negligently and neglectful, right? But but again these definitions that aren't talking about just the criminal law. They're just talking about in general So I think our point isn't that you can't have negligent neglect It's that you can have neglect with any mens rea and so you have to play other tools to try to understand what the crime Means and I think that's why we're one is helpful and one isn't some kind of like, you know ambiguity resolving canon It's just talking about what the word how we understand the criminal law. And so when you have a provision That is focused on crimes in general. You don't think that it what it's talking about is negligent conduct You think it's talking about intent or at least knowledge. I see my time has expired This matter will stand submitted
judges: CALLAHAN, BUMATAY, Rakoff